## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,      )
                    )
                    )
        v.           )     Case No. 1212014503
                    )
                    )
JONATHAN MANELSKI,     )
                    )
     Defendant.     )

David Holloway, Esquire
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 7th Floor
Wilmington, DE 19801
   *Attorney for the State*

Joseph Hurley, Esquire
1215 King Street
Wilmington, DE 19801
   *Attorney for the Defendant*

Submitted: February 10, 2014
Decided:  March 7, 2014

## MEMORANDUM OPINION AND ORDER

On July 30, 2013, Defendant Jonathan Manelski (hereinafter "Defendant") was convicted at a jury trial of Driving Under the Influence of Alcohol and other Title 21 violations. Prior to jury selection, Defendant's counsel made an oral motion to compel the production of juror profiles recovered from the Delaware Criminal Justice Information System (hereinafter "DELJIS") by the State. The State refused pursuant to 11 *Del. C.* § 8513, and the Court denied the Motion, but allowed for both parties to submit supplemental briefing following the conclusion of the trial.

The Defendant asserts that the portion of 11 *Del. C.* § 8513(g) that prevents the Defendant and Defendant's counsel from accessing the criminal history record information of potential jurors is unconstitutional, as it violates due process of law and equal protection.[1] The Defendant asserts that he would have to engage in substantially greater degrees of research, involving all counties, to uncover the information that is accessible to the State at the click of a mouse. The Defendant alleges that the jury questionnaire does not provide the same information that DELJIS records provide. The Defendant seeks to allow defense counsel, not the Defendant, to view the records at the State's table to prevent what Defendant summarizes as the State's concern about releasing information about jurors "to discourage retribution in the event of an unkind verdict or manipulation before trial," which Defendant notes "is a beneficial and reasonable concern."[2]

Conversely, the State argues that 11 *Del. C.* § 8513(g) is constitutionally valid, as preventing the defense from viewing the records "for fear of retaliation or manipulation is a rational basis related to a legitimate governmental function."[3] The State argues that the Delaware Legislature made it explicit that it intended to limit the defense's access to DELJIS via § 8513, and that following the enactment of the statute, the Delaware Superior Court and Delaware Supreme Court both affirmed opinions preventing the disclosure of juror information. Additionally, the State quotes *Charbonneau v. State*, in which the Delaware Supreme Court denied a due process claim related to the possession of juror profiles, stating "[the defendant] has articulated no prejudice resulting from the State's exclusive possession of the information."[4] The State notes that the defense has the opportunity to inquire about criminal history through the *voir dire* process, and states that, under the recent decision in *State v. Salasky*, "[if] the information provided by the juror

---

[1] Counsel noted that he had not researched the relationship between equal protection and the production of DELJIS records to determine whether it would apply to the State.
[2] D. Mot. Amend. Pp. 4-5.
[3] State's Brief in Opposition p. 1.
[4] Id. at 3, quoting *Charbonneau v. State*, 904 A.2d 295, 319 (Del. 2006).

2

is inconsistent with the information contained on the DELJIS criminal history, the State will be required to disclose that information to the Court and defense counsel."[5]

## LEGAL STANDARD

The trial judge has discretion to declare a mistrial, as he or she is in the "best position to assess the risk of any prejudice resulting from trial events."[6] "A trial judge should grant a mistrial only when there is 'manifest necessity' or the 'ends of public justice would be otherwise defeated.'"[7] Mistrials will be granted "only when there are 'no meaningful and practical alternatives' to that remedy."[8]

## DISCUSSION

Pursuant to 11 *Del. C.* § 8513(g), "the dissemination to the defendant or defense attorney in a criminal case of criminal history record information pertaining to any juror in such case is prohibited." In *McBride v. State*, the Delaware Supreme Court held that a defendant's due process rights are not violated by the State maintaining exclusive possession of jurors' criminal records.[9] In juror selection processes, the jurors may complete juror questionnaires, and may be subject to *voir dire* questions. The Court has found that through these processes, the defense may gain access to the same information contained in the DELJIS reports held by the State, and therefore the defendant's due process rights are not violated by the State's retention of DELJIS reports.[10]

In *State v. Salasky*, the Superior Court explicitly held that a defendant cannot request "disclosure of the full criminal histories of all potential jurors,"[11] and such denial does not constitute

---

[5] 2013 WL 5487363, at *32 (Del. Super. Sept. 26, 2013).
[6] *Revel v. State*, 956 A.2d 23, 27 (Del. 2008) (citations omitted).
[7] *Id.* (quoting *Brown v. State*, 897 A.2d at 752 (quoting *Fanning v. Superior Court*, 320 A.2d 343, 345 (Del.1974))).
[8] *Dawson v. State*, 637 A.2d 57, 62 (Del.1994) (quoting *Bailey v. State*, 521 A.2d at 1077).
[9] 477 A.2d. 174, 190 (Del. 1984).
[10] *Id.* at 189; *Charbonneau*, 904 A.2d at 319.
[11] 2013 WL 5487363, at *32 (Del. Super. Sept. 26, 2013).

3

a due process or an equal protection violation.[12] This determination was made by the Court after the defense requested the DELJIS files for jurors during the jury selection process in order to have equal footing with the State. The Court in *Salasky* discussed 11 *Del. C.* § 8513 and the *McBride* decision, and determined that while there exists no due process violation in failing to provide the defense with access to DELJIS reports, the Court should engage in other procedures to "ensure a fair trial and balance the due process concerns expressed in the *McBride* decision."[13]

The Court in *Salasky* made clear, however, that a defendant's due process rights would be violated if the State fails to disclose information "relating to a juror's ability to render an impartial verdict."[14] Such a situation would occur if a juror failed to reveal, on a questionnaire or during *voir dire* questioning, information that is contained on the individual's DELJIS history. The Court wanted to make certain that in such situations, the parties would have the opportunity to conduct an inquiry into the impartiality of the juror.[15]

This court must follow the binding precedent set forth in the Superior Court's Salasky decision. Here, the defense requested the DELJIS files prior to the jury selection after counsel for the Defendant noticed the files on the State's desk. The defense did not raise any issue related to the ability to form an impartial jury, but focused instead on the fairness of giving one party access over another. As the Court in Salasky noted, "[i]t is a routine and common practice in all criminal cases for the State to run the criminal histories of each potential juror utilizing [DELJIS],"[16] and

---

[12] *Id.*

[13] *Id.* The Court outlined the following procedure: "(1) Each juror will be provided a questionnaire to complete prior to the voir dire. One of the questions that they will be asked is whether they have ever been arrested or convicted of a criminal offense other than a traffic violation. (2) If the juror answers yes to this question, they will be asked to list the nature of the arrest and/or conviction and the year(s) that such occurred. (3) If the information provided by the juror is inconsistent with the information contained on the DELJIS criminal history, the State will be required to disclose that information to the Court and defense counsel, so a proper inquiry can be conducted to ensure the juror can be impartial and is not intentionally concealing information relevant to their qualifications to serve as a juror."

[14] *Id.* (citations omitted); see *Fletcher v. State*, 852 A.2d 908 at *2 TABLE (Del. 2004).

[15] 2013 WL 5487363, at *32.

[16] *Id.*

4

there is no due process violation "when the Court refuses to force the State to disclose its 'jury cards' that include a prospective juror's criminal history."[17]

In its brief, the defense relies on its constitutional arguments as grounds for the mistrial, which has been rejected as a valid argument in the absence of a relation to the construction of an impartial jury. The defense also requested an opinion from "a Court of higher, not necessarily better, status." Defendant's request has thus been fulfilled by the Superior Court's *Salasky* decision, and therefore the defense's arguments do not warrant the declaration of a mistrial under the circumstances presented here.

## CONCLUSION

The Defendant did not show that the nondisclosure of the DELJIS information prevented him from an impartial jury. The Defendants due process rights have not been violated, nor has the Defendant shown good cause outside the precedent set forth in *Salasky* for the Court to grant a mistrial. For the foregoing reasons, the Court **DENIES** the Defendant's Motion for Declaration of a Mistrial.

**IT IS SO ORDERED this 7th day of March, 2014.**

The Honorable Carl C. Danberg,
Judge

cc:    Fayetta Holmes, Judicial Case Manager

---

[17] *Id.* (citing *McBride v. State*, 477 A.2d 174 (Del. 1984).